Mr. Jack D. Kane Executive Director Department of General Services Tallahassee, Florida
Dear Mr. Kane:
You ask the following question:
Is a county public health unit, created pursuant to Chapter 154, Florida Statutes, a "state agency" within the meaning of section255.25(2), Florida Statutes, which requires approval by the Division of Construction and Maintenance of the Department of General Services of leases entered into by state agencies for buildings or parts thereof for state use?
In sum:
Full-time county public health units, created pursuant to Chapter 154, Florida Statutes, are not state agencies within the meaning of section 255.25(2), Florida Statutes, which requires approval by the Division of Construction and Maintenance of leases entered into by state agencies for buildings for state use.
The answer to your question is in the negative. Section 255.25(2), Florida Statutes, provides:
"No state agency shall lease a building or any part thereof for state use unless prior approval of the lease conditions and of the need therefor is first obtained from the division of building construction and maintenance."
Chapter 154, Florida Statutes, authorizes the several counties to cooperate with the Department of Health and Rehabilitative Services in the establishment of full-time local health units in such counties, generally, for the control and eradication of preventable diseases and the inculcation of modern scientific methods in the control and prevention of communicable diseases.[1]
Funding for the individual county public health units is derived from a tax authorized to be levied by each county; the proceeds of such tax are paid to the Division of Health, Department of Health and Rehabilitative Services for deposit with the state treasurer and known as the "full-time local health unit trust funds of the county by which such funds were raised."[2]
It is relevant to note that the local county health units were not included in the Governmental Reorganization Act (Chapter 69-106, Laws of Florida; Chapter 20, Florida Statutes) enacted by the legislature in compliance with the constitutional mandate of Article IV, section 6, Florida Constitution, to reorganize the executive branch of government, that is, there was no transfer of the duties of local county health units to the Division of Health. This evidences a legislative determination that they are agencies which operate outside the regular state government.[3]
As stated in Attorney General Opinion 066-84, although the operation of the county health units is a joint project of the county and the state in carrying out the public health laws, the moneys raised by the counties are county funds raised by county taxation. While Chapter 154, Florida Statutes, speaks of the establishment and maintenance of "local health units" in the several counties of the state and the financing of the operations of such units through the medium of the "full-time local health unit trust funds of the county by which such funds were raised," it does not purport to specifically define the legal status of such local entities for any purpose or purposes, whether county, municipal, or state.[4]
Accordingly, the state of the existing statutes, to which you refer, invites legislative remedy or clarification.
It has been brought to the attention of this office, by letter from the Honorable J. E. Hodges, Staff Counsel, Division of Health, that all leases for facilities for county public health units are negotiated by the boards of county commissioners. The leases are being paid from the full-time local health unit trust funds of the counties by warrants issued by the comptroller's office. The comptroller's office has indicated that such payments would continue until such time as an opinion is rendered as to the propriety of the current practice.
There is no authorization in Part I of Chapter 154, supra, for either the Division of Health, boards of county commissioners or local county health units to construct, purchase or lease buildings or real or personal property for the purposes of Part I. It is an established rule of law that administrative agencies may only exercise those powers and functions which are authorized by statute.[5] The statutes authorize that the funds from and for each county shall be expended by the Division of Health solely for the purpose of carrying out the intent and objective of Chapter 154, Florida Statutes, i.e., funding the operations of local county health units, in individual counties to carry out their statutory duties and functions.[6]
If the boards of county commissioners [or the Division of Health] lack the authority to negotiate leases, as they are now doing, then there may be no vehicle by which local county health units may obtain facilities in which to operate. However, section125.01(1)(c) and (3)(a), Florida Statutes, empowers county governments to expend county funds to provide and maintain county buildings and purchase, lease, and sell or exchange real or personal property for county purposes, which includes county health units, without Division of Health authority.
Those portions of each health unit's trust fund moneys raised by the counties through county taxation are county funds.[7] If facilities or buildings were constructed and paid for by those county funds for local health units they would, therefore, be county buildings to be used for county purposes.[8] Each local county health unit facility is county owned or county operated.[9]
Since Part I of Chapter 154, supra, does not authorize counties to lease, use, or construct buildings for county health units, it is reasonable to assume that Chapter 154 contemplates that facilities or buildings, from which county health units operate in carrying out Part I of Chapter 154, are to be provided by the counties by some other authority. If the counties negotiate the leases for the local county health units and are funding the leases out of budgeted and appropriated county funds, other than the trust fund moneys, then the Department of General Services would not be authorized or required to approve such leases because, obviously, the counties would be negotiating for local buildings to provide for county health unit facilities under the authority of section125.01(1)(c), supra, to provide county buildings for county purposes.
However, if a county commission unilaterally undertakes to negotiate a lease for a county health unit facility to be paid out of the county's portion of the county health unit trust fund, and if the Division of Health approves such expenditure, then there is raised the question as to whether said expenditure of the county's portion of the moneys raised by county taxation would be a use of county funds for county purposes. Even though Chapter 154, supra, is silent as to such unilateral spending of such county's portion of the trust funds by the counties, Part I makes clear that expenditure of said trust fund moneys by the counties must be made with the approval of the Division of Health. Also, the expenditure of said trust fund moneys by the Division of Health must be made with the approval of the counties.
In effect, county public health units serve a dual county-state purpose, but are not agencies of the state, being primarily agencies or instrumentalities of the county carrying out the duties and functions imposed upon the counties by Chapter 154, Florida Statutes Even though section 154.04 provides that employees of the county health units shall devote their entire time to the control of preventable diseases, etc., "in cooperation with and under the supervision of the Division of Health," the local county health unit is not a constituent or integral part of the division or the department, or of state government, and, therefore, is not a state agency within the meaning or purview of section 255.25(2), Florida Statutes. Further, the facilities or buildings used by each county health unit in carrying out its statutory duties and functions are county buildings owned and maintained by the respective counties for county use, not for state use, as referred to in section 255.25(2), supra.
Expenditure of the county portions of the county health unit trust funds for county facilities or buildings would, accordingly, be a proper expenditure of funds. To hold otherwise could result, in some instances, in a local county health unit not having facilities in which to administer and enforce provisions of Part I of Chapter 154, supra. Also, such expenditures are justified because Chapter 154 provides that the counties' portion, raised by taxation in the counties, of the trust funds may only be spent in the respective counties for county purposes. It is important to emphasize that the above-mentioned expenditures must be made with the approval and agreement of the Division of Health.[10] Even though these funds are collected by the counties and may only be expended in the counties, they are not general county funds to be expended for any general county purpose; the expenditure may only be for county health unit purposes.[11]
Accordingly, expenditures of the county portions of the trust funds for county facilities for the county health unit are joint ventures of the county and the state. The counties contribute moneys raised by taxation in the counties to the Division of Health, which deposits said moneys in the county health unit's trust fund, the legislature appropriates such moneys to the division from the trust fund for grants to the county health units (see item 610, s. 1 of Chapter 74-300, Laws of Florida, General Appropriations Act, 1974), and the comptroller issues the warrants to pay for the use of the county facilities at the direction of the Division of Health, which pays for the use of the facilities with the approval of and agreement with the counties. Chapter 154,supra, does not provide or authorize unilateral action by any of the above agencies.
Therefore, since Chapter 255, Florida Statutes, does not expressly define a county health unit as a state agency for the purposes of that law, and based upon the aforementioned authorities, it is my opinion, pending legislative or judicial resolution or clarification, that full-time county public health units are not state agencies within the meaning, or for the purposes, of section255.25(2), Florida Statutes.
Sincerely,
Robert L. Shevin Attorney General
RLS/
Prepared by: Paul W. Lambert, Assistant Attorney General
[1] Sections 154.01 and 154.04, Fla. Stat.; see also, Op. Att'y Gen. Fla. 058-198 (1958).
[2] Section 154.02, Fla. Stat.; see also, Op. Att'y Gen. Fla. 066-84 (1966).
[3] Cf., Ops. Att'y Gen. Fla. 067-20 (1967) and 073-32 (1973). But see, Op. Att'y Gen. Fla. 056-174 1956), holding that for some purposes (those set forth in former s. 216.171, Fla. Stat., and Ch. 29966, 1955, Laws of Florida, relating to salaries of state officers and employees and appropriations thereof) the county health units were agencies of the state. Cf., Op. Att'y Gen. Fla. 062-79 (1962).
[4] Cf., s. 154.12(2), Fla. Stat., defining the county "public health trust(s)" as agencies of the state for the singular purpose therein prescribed.
[5] See, 1 Fla. Jur. Administrative Law ss. 20 and 21.
[6] Sections 154.02 and 154.03, Fla. Stat.; Ops. Att'y Gen. Fla. 058-193 (1958) and 062-79 (1962).
[7] See, Op. Att'y Gen. Fla. 66-84 (1966).
[8] Cf., Op. Att'y Gen. Fla. 062-79 (1962).
[9] Attorney General Opinion 058-121.
[10] See, s. 154.03, Fla. Stat. See, Op. Att'y Gen. Fla. 062-79 (1962).
[11] Attorney General Opinion 058-193; also see, Ops. Att'y Gen. Fla. 062-79 (1962) and 066-84 (1966).